**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MELISSA MILWARD, ELYSE UGALDE**
**and ASHLEY ROSE,**

       **Plaintiffs,**

**v.**                                                  Case No:   6:15-cv-785-Orl-31TBS

**LINDA SHAHEEN, BARBARA BALL,**
**MAUREEN BUGNACKI, SUDA AMODT**
**and DISTRICT BOARD OF TRUSTEES**
**OF VALENCIA COLLEGE, FLORIDA,**

       **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Partial Reconsideration (Doc. 100) filed by the Defendant, the District Board of Trustees of Valencia College, Florida (Valencia), and the Plaintiffs' Response thereto (Doc. 104).

Valencia seeks reconsideration of this Court's order (Doc. 97) partially granting and partially denying Valencia's Motion to Dismiss (Doc. 83). Specifically, Valencia requests that the Court reconsider whether Valencia is immune from the Plaintiffs' tort-law claims in Counts VIII, XI, and XII under the Eleventh Amendment. In their Response (Doc. 104), the Plaintiffs concede that dismissal of these counts is appropriate.

In its Motion to Dismiss (Doc. 83), Valencia couched its Eleventh Amendment immunity argument in the "law of the case" doctrine. Valencia argued that the Plaintiffs "elected not to appeal the Court's prior Eleventh Amendment immunity ruling" and that "[a]s a result, pursuant to the 'law of the case' doctrine, Plaintiffs have abandoned any argument against Valencia's Eleventh Amendment immunity against their alleged state law claims." (Doc. 83 at 9.)

The Court misinterpreted Valencia's argument. It appeared that Valencia was suggesting that it was immune from the tort-law claims that were added to the Third Amended Complaint because the Court had previously found that Valencia was immune to the 42 U.S.C. § 1983 claims that were brought in the Second Amended Complaint. (*Compare* Doc. 11 *with* Doc. 75.) Upon reviewing the Motion for Reconsideration it appears that Valencia was simply arguing that it is an arm of the state, as the Court had previously found. (*See* Doc. 50.) And, as an arm of the state, Valencia is immune from suit in federal court under the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) ("While the [Eleventh] Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.").

Instead of limiting itself to the simple analysis above, the Court followed the Plaintiffs' lead and analyzed the tort-law claims under Florida Statutes § 762.68, wherein Florida waives sovereign immunity for certain claims within its own courts—but not Eleventh Amendment immunity from suit in federal courts. Fla. Stat. § 768.28(18) ("No provision of this section . . . shall be construed to waive the immunity of the state or any of its agencies from suit in federal court."). In light of Valencia's Eleventh Amendment argument, this analysis was clearly erroneous. *See Fla. Dep't Health & Rehab. Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147, 150 (1981) (finding that a state's general waiver of sovereign immunity "does not constitute a waiver by the state of its constitutional immunity under the Eleventh Amendment from suit in federal court") (citation and quotation omitted); *Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990) ("Evidence that a state has waived sovereign immunity in its own courts is not by itself sufficient to establish waiver of Eleventh Amendment immunity from suit in federal court.") (citation

omitted); *Posen Const., Inc. v. Lee Cty.*, 921 F. Supp. 2d 1350, 1355 n. 3 (M.D. Fla. 2013) (recognizing that Florida Statutes § 768. 28 does not waive Eleventh Amendment immunity).[1]

Therefore, the Motion for Reconsideration (Doc. 100) will be granted. *See Instituto de Pervision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) ("Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) *the need to correct clear error or manifest injustice*.") (emphasis added, quotation and citation omitted).

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion for Reconsideration is **GRANTED**.

2. This Court's order of August 2, 2017 (Doc. 97) is **VACATED** insofar as the Court denied Valencia's Motion to Dismiss Counts VIII, XI, and XII.

3. Counts VIII, XI, and XII of the Third Amended Complaint (Doc. 75) are **DISMISSED** without prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 24, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] While the Court embarrassingly concedes its error, it should be noted that Plaintiffs' counsel failed in its responsibility of candor as an officer of the court. Fla. Bar Code Prof. Resp. D.R. 4-3.3(a) (2017) ("A lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel . . . .").